UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER BARRY by his next friend
ELAINE BARRY, DONITHA COPELAND,
and KENNETH L. ANDERSON,
on behalf of themselves and all
others similarly situated, and
WESTSIDE MOTHERS,

Case No. 5:13-cv-13185 BAF-DRG

    Plaintiffs,

Hon. Judith Levy
U.S. District Judge

v.

Hon. David R. Grand
U.S. Magistrate Judge

NICK LYON,
in his capacity as Director, Michigan
Department of Health and Human Services,

    Defendant.

_____/

## SETTLEMENT AGREEMENT

## RE MOTION TO SHOW CAUSE, DKT 125

The Plaintiffs' pending Motion to Show Cause shall be dismissed with prejudice as to any contempt occurring prior to the date of this settlement once all of the following steps have been taken:

1. Defendant provides two consecutive biweekly spreadsheet reports that show no new criminal justice disqualifications.

2. Defendant provides two consecutive biweekly spreadsheet reports that contain accurate, up-to-date, and consistent information for all class members, as required by Dkt. 114.

3. Defendant provides Plaintiffs' attorneys (Jacqueline Doig and Miriam Aukerman) and a computer expert (of Plaintiffs' choice and at Plaintiffs' expense) with an in-person demonstration of:

    a. The following mechanisms in place to ensure that criminal justice disqualifications are not imposed in violation of the 1/9/15 Order (Dkt 91):

        i. the current "red edit",

        ii. how criminal justice information is received by DHHS and used by DHHS in processing eligibility,

        iii. how DHHS staff are able to code applicants/recipients as "fugitive felons", and how DHHS staff/Bridges can issue EL 1013 notices.

In the event that information cannot be demonstrated, DHHS or DTMB will explain the above mechanisms. To the extent possible, DHHS or DTMB will demonstrate or explain how disqualifications occurred after 3/31/2015 and after the first June "red edit" via one example for each period, or such additional examples as are needed to explain how the disqualifications occurred.

    b. How Defendant's computer systems are used to restore benefits to an individual or family that experienced a criminal justice disqualification, including use of the demographics screen that includes the "fugitive felon" question or information.

    c. The DHHS user interfaces and queries used to compile information provided on court-ordered spreadsheets.

The in-person demonstration shall be conducted by DHHS or DTMB employees competent to explain the software and interfaces being demonstrated. Defendant's counsel shall be present at the demonstration.

The parties will work together to agree on any appropriate confidentiality protections. Plaintiffs' expert shall not disclose any information obtained

2

through the in-person demonstration except for purposes of ensuring compliance with this settlement and the court's orders in this case.

Disputes regarding the in-person demonstration shall be referred to the magistrate.

4. An order is entered requiring:

    a. Defendant to notify Plaintiffs' attorneys within three business days of discovery by Field Operations Administration when any new criminal justice disqualification is identified. Defendant shall within five business days of such notification:

        i. Provide the name, address and phone number of the disqualified person.
        ii. Provide a copy of the criminal justice disqualification notice(s) sent.
        iii. Provide a complete explanation of the circumstances which resulted in the disqualification, including whether worker error was involved and, if so, how such worker error could occur.
        iv. Provide copies of any written non-privileged communication to, from or within DHHS regarding the disqualification or its correction.
        v. Arrange a meeting to be held within seven days between Plaintiffs' counsel, Defendant's counsel, and representatives from the Department of Health and Human Services who are competent to explain how the disqualification occurred. If Plaintiffs' counsel believe such a meeting is unnecessary, they will promptly inform Defendant that no meeting need be scheduled. Meetings can be held by telephone if the parties so agree.

    Defendants shall notify Plaintiffs' attorney when DHHS has sent a corrected notice and issued benefits due to the wrongly disqualified individual or household.

3

    b. Plaintiffs' counsel shall likewise notify Defendant within three business days if they discover any new criminal justice disqualification not reported by Defendant. After Plaintiffs notify Defendant of any new criminal justice disqualification, Defendant shall, within five business days:

        i. Provide a copy of the criminal justice disqualification notice(s) sent.
        ii. Provide a complete explanation of the circumstances which resulted in the disqualification, including whether worker error was involved and, if so, how such worker error could occur.
        iii. Provide copies of any written non-privileged communication to, from or within DHHS regarding the disqualification or its correction.
        iv. Arrange a meeting to be held within seven days between Plaintiffs' counsel, Defendant's counsel, and representatives from the Department of Health and Human Services who are competent to explain how the disqualification occurred. If Plaintiffs' counsel believe such a meeting is unnecessary, they will promptly inform Defendant that no meeting need be scheduled. Meetings can be held by telephone if the parties so agree.

    Defendants shall notify Plaintiffs' attorney when DHHS has sent a corrected notice and issued benefits due to the wrongly disqualified individual or household.

5. Defendant pays $105,000 in costs and attorneys fees for time spent on the motion to show cause, the motion for expedited post-judgment discovery, and monitoring compliance during the pendency of those motions. Pursuant to 42 U.S.C. §1988, Plaintiffs may seek recovery of costs and attorneys fees for any other expenses and activities compensable under that statute. Plaintiffs will not seek recovery in the future for costs and/or time spent on the motion to show cause, the motion for expedited post-judgment discovery, and monitoring compliance during the pendency of those motions.

6. All discussions during the settlement conference are subject to FRE 408. If the parties agree that the steps outlined have been taken, they shall submit a stipulated order for the pending Motion to Show Cause to be dismissed with prejudice as to any contempt occurring prior to the date of this settlement. If the parties cannot agree whether the steps outlined above have been taken, Defendant may ask the court to resolve the dispute informally.

---

Jacqueline Doig (P37105)
CENTER FOR CIVIL JUSTICE
436 S. Saginaw St., Suite 400
Flint, MI 48502
(810) 244-8044
jdoig@ccj-mi.org
Attorney for Plaintiffs

---

Miriam J. Aukerman (P63165)
AMERICAN CIVIL LIBERTIES
UNION FUND OF MICHIGAN
1514 Wealthy SE, Suite 242
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
Attorney for Plaintiffs

---

Joshua S. Smith (P63349)
Assistant Attorney General
Health, Education and Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 373-7700
smithj46@michigan.gov
Attorney for Defendant

---

Terrence Beurer, on Behalf of
Defendant Nick Lyon
Department of Health and Human
Services
Field Operations Administration

## Certificate of Service

I certify that on September 23, 2015 I filed the foregoing paper with the Clerk of Court using the ECF system which will send notice of such filing to all counsel of record.

/s/Jacqueline Doig
Jacqueline Doig (P37105)